IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LORD VERSATILE,

    Plaintiff,

v.                                                         Civil Action No. 3:09CV120

GENE JOHNSON, et al.,

    Defendants.

## MEMORANDUM OPINION

Before the Court are Defendants' Motion in Limine (Docket No. 74) and Motion to Strike Affidavit (Docket No. 83) and Plaintiff Lord Versatile's Motion to Court (Docket No. 84). For the reasons that follow, the Court will GRANT IN PART and DENY IN PART Defendants' Motion in Limine, GRANT Defendants' Motion to Strike Affidavit, and DENY Versatile's Motion to Court.

### I. Procedural Backround

Versatile, a Virginia prisoner proceeding *pro se*,[1] filed a complaint pursuant to 42 U.S.C. § 1983, asserting that Defendants unlawfully impeded an exercise of Versatile's religion, the

---

[1] Versatile never requested a court-appointed attorney in this action, and the Court did not seek to appoint counsel to aid on his behalf at the evidentiary hearing. Versatile, also known as Venson Leon Coward, has initiated numerous civil actions against the Virginia Department of Corrections and has proceeded *pro se* in those actions as well. *See Versatile v. Johnson, et al.*, No. 3:07cv65 (E.D. Va. filed Jan. 31, 2007); *Versatile v. Vaughan, et al.*, No. 3:05cv768 (E.D. Va. filed Nov. 8, 2005); *Coward v. Angelone*, No. 3:02cv281 (E.D. Va. filed Apr. 30, 2002); *Coward v. Garraghty*, No. 3:02cv87 (E.D. Va. filed Feb. 15, 2002); *Coward v. Angelone*, No. 3:00cv240 (E.D. Va. filed Apr. 13, 2000); *Versatile v. Angelone, et al.*, No. 3:99cv781 (E.D. Va. filed Nov. 26, 1999); *Coward v. Angelone, et al.*, No. 3:98cv283 (E.D. Va. filed May 11, 1998); *Coward v. Macklin, et al.*, No. 3:92cv536 (E.D. Va. filed Aug. 17, 1992).

Nation of Gods and Earths ("NGE"), by banning texts and periodicals related to his religion and by violating Virginia Department of Corrections ("VDOC") regulations governing the processing of requests for religious recognition. Defendants contend that Versatile's beliefs are not religious in nature, and that, even if they are, denying Versatile's access to the contested materials is the least restrictive means to further the compelling interest of institutional safety. Defendants also claim that Versatile's request for religious recognition was processed in accordance with VDOC regulations.

On May 27, June 1, and June 2, 2010, the Court held an evidentiary hearing to resolve the parties' claims and defenses. Prior to the evidentiary hearing, the Court ordered the parties to submit a list of proposed witnesses and exhibits. (Feb. 4, 2010 Mem. Order 5.) (Docket No. 26.) The Court also ordered the parties to submit copies of all admissible documentary evidence on which they intended to rely, as well as affidavits summarizing all key testimony. (Mar. 30, 2010 Mem. Order 2-3.) (Docket No. 48.) Following the hearing, the parties filed post-hearing briefing, which included Proposed Findings of Fact and Conclusions of Law. However, the parties also raised additional issues.

The Court will address in this Memorandum Order evidentiary issues raised in briefing prior to the evidentiary hearing held. A substantive Report and Recommendation will follow. The Report and Recommendation will address, in context, evidentiary or other matters that arose during the hearing itself, or via post-hearing briefing.

## II. Analysis

### A. Defendants' Motion in Limine

Defendants' Motion in Limine requests that the Court strike Plaintiff's Exhibits 1, 5, 7, and 19, arguing that each constitutes inadmissible hearsay under the Federal Rules of Evidence.

#### 1. Plaintiff's Exhibit 7: Palmer's Affidavit

Plaintiff's Exhibit 7 consists of an affidavit from Donald Palmer, accompanied by various attachments. (*See* Pl.'s Resp. to Ct. Order, Ex. 7.) Neither party listed Palmer as a proposed witness. At the evidentiary hearing, Versatile offered Palmer's Affidavit and the accompanying attachments to show that NGE has a professional office and a national representative that "has reached out to prison officials trying to form a line of communication to give them a better understanding of what the Nation of Gods and Earths represents." (May 27, 2010 Evid. Hr'g Tr. 13:25-14:12.) Defendants move to strike this exhibit in its entirety as constituting inadmissible hearsay. (May 27, 2010 Evid. Hr'g Tr. 12:11-22.)

The Federal Rules of Evidence provide: "Hearsay is not admissible except as provided by these rules . . . ." Fed. R. Evid. 802. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The parties do not dispute that Palmer's Affidavit constitutes hearsay. However, Versatile claims that Palmer's Affidavit is admissible hearsay under the Federal Rules of Evidence.

Versatile first argues that Palmer's Affidavit is admissible under the "Records of religious organizations" hearsay exception. *See* Fed. R. Evid. 803(11). This hearsay exception provides that "[s]tatements of births, marriages, divorces, deaths, legitimacy, ancestry, relationship by

blood or marriage, or other similar facts of personal or family history, contained in a regularly kept record of a religious organization" are not excluded by the hearsay rule. Fed. R. Evid. 803(11). The Court finds this exclusion inapplicable because Palmer's Affidavit is not a "regularly kept record" of NGE and contains information distinctly different from births, marriages, ancestry, "or other similar facts of personal or family history." Fed. R. 803(11).

Versatile next contends that Palmer's Affidavit is admissible under Rule 804. Rule 804, however, only applies in limited situations where the declarant is unavailable to testify. *See* Fed. R. Evid. 804(a).[2] Versatile failed to show how Palmer is an unavailable witness, and this Court finds that none of the limited situations listed in Rule 804(a) applies. Indeed, Versatile did not list Palmer as a proposed witness and did not seek to procure his attendance at the evidentiary hearing. Even if the Court could find Palmer to be an unavailable witness, Palmer's Affidavit

---

[2] Rule 804(a) defines "unavailability" to include situations in which the declarant:

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; or
(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or
(3) testifies to a lack of memory of the subject matter of the declarant's statement; or
(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or
(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b) (2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means.

Fed. R. Evid. 804(a). Further, Rule 804 is inapplicable if the "exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying." Fed. R. Evid. 804(a).

4

must still be excluded because none of the exceptions under Rule 804(b) apply.[3] Thus, the Court finds Palmer's Affidavit to be inadmissible hearsay and will GRANT Defendants' Motion in Limine with respect to Plaintiff's Exhibit 7.

---

[3] When a declarant is unavailable as a witness, Rule 804(b) does not exclude hearsay in the following situations:

> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.
> (2) Statement under belief of impending death. In a prosecution for homicide or in a civil action or proceeding, a statement made by a declarant while believing that the declarant's death was imminent, concerning the cause or circumstances of what the declarant believed to be impending death.
> (3) Statement against interest.--A statement that:
>> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.
> (4) Statement of personal or family history. (A) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history, even though declarant had no means of acquiring personal knowledge of the matter stated; or (B) a statement concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared.
> (5) [Transferred to Rule 807.]
> (6) Forfeiture by wrongdoing. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.

Fed. R. Evid. 804(b).

### 2. Plaintiff's Exhibit 1: Versatile's Declaration

Plaintiff's Exhibit 1 consists of a declaration from Versatile, accompanied by various attachments. (*See* Pl.'s Resp. to Ct. Order, Ex. 7.) (Docket No. 56.) At the evidentiary hearing, Defendants withdrew their objection to the Versatile Declaration, subject to the opportunity to cross-examine Versatile on its contents. (May 27, 2010 Evid. Hr'g Tr. 24:18-25:24.) Thus, the Court admitted the Versatile Declaration into evidence. (May 27, 2010 Evid. Hr'g 26:2-5.) Accordingly, the Court will DENY Defendants' Motion in Limine with respect to Plaintiff's Exhibit 1.

### 3. Plaintiff's Exhibits 5 and 19: Brisbon's and Fisher's Affidavits

Plaintiff's Exhibit 5 contains an affidavit from Darrell Brisbon, accompanied by various attachments. (*See* Pl.'s Resp. to Ct. Order, Ex. 5.) Plaintiff's Exhibit 19 consists of an affidavit from Gregory Fisher, Jr., also accompanied by various attachments. (*See* Pl.'s Resp. to Ct. Order, Ex. 19.) Versatile listed both Brisbon and Fisher as proposed witnesses, and both testified at the evidentiary hearing. At the evidentiary hearing, Defendants continued to object to the admission of the Brisbon and Fisher Affidavits as inadmissible hearsay (May 27, 2010 Evid. Hr'g Tr. 11:21-22), but did not object to the admission of the accompanying attachments during live testimony (May 27, 2010 Evid. Hr'g Tr. 12:2-10, 29:10-18, 37:25-38:1). For the reasons stated on the record, the Court will exclude Brisbon's and Fisher's Affidavits as inadmissible hearsay. (May 27, 2010 Evid. Hr'g Tr. 29:21-30:3; 38:3-10 (explaining that the affidavits will be excluded as inadmissible hearsay, but that Versatile may call the witnesses to testify live and may move to admit the attachments through their live testimony).) Accordingly, the Court will GRANT Defendants' Motion in Limine with respect to Plaintiff's Exhibits 5 and 19, but allows, based on the live testimony, consideration of documents attached to those exhibits.

B. **Defendants' Motion to Strike Affidavit and Versatile's Motion to Court**

At the evidentiary hearing, Versatile attempted to introduce testimony from God Kundalini Isa Allah ("Kundalini"), a witness whom he had never expressed any previous intent to call. (May 27, 2010 Evid. Hr'g Tr. 98:20-99:2, 102:17-106:18.) Versatile presented Kundalini to provide the Court with a "more clear understanding on the foundation of the teachings of the Nation of Gods and Earths." (May 27, 2010 Evid. Hr'g Tr. 103:15-17.) The Court noted that Versatile had been permitted to expand his witness list from four to six individuals in the interim between the date originally set for the hearing and the actual hearing date. (May 27, 2010 Evid. Hr'g Tr. 106:9-11; *compare* Proposed Witness List Received March 17, 2010 (Docket No. 39) *with* Proposed Witness List Received May 10, 2010 (Docket No. 60).) The Court also had excused Versatile's failure to timely comply with the affidavit requirement for his witness Michael D. Wright, whose affidavit the Court received only seven days before the hearing. (May 20, 2010 Wright Affidavit (Docket No. 73).) Moreover, Versatile offered no excuse for the delay other than his own failure to communicate the urgency of his need for an NGE witness. (May 27, 2010 Evid. Hr'g Tr. 104:8-14.) Accordingly, the Court denied Versatile's request that Kundalini be allowed to testify. (May 27, 2010 Evid. Hr'g Tr. 106:15-16.) (*See also* May 28, 2010 Mem. Order.) (Docket No. 78.) The Court, however, allowed Versatile to submit Kundalini's Affidavit, along with any arguments as to why such an untimely item of evidence should be considered. (May 28, 2010 Mem. Order; May 27, 2010 Evid. Hr'g Tr. 156:17-158:9.)

Versatile submitted Kundalini's "Affidavit of Understanding" (Docket No. 81), to which Defendants filed a timely Motion to Strike. Defendants argue that Kundalini's Affidavit constitutes inadmissible hearsay. In response, Versatile argues that he had preserved his right to call additional, unspecified witnesses through an April 18, 2010 declaration stating: "Plaintiff preserve [sic] the right to submit other witnesses twenty (20) days before the evidentiary hearing, additional witnesses who he has not been able to obtain a statement from at this date." (Pl.'s Decl. ¶ 4 (Docket No. 56-1); *see* Pl.'s Mot. to Ct. ¶ 3.)

The Court disagrees. Versatile cannot disregard this Court's deadlines for identifying witnesses simply by reserving the right to do so. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating that *pro se* litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible"); *McDonald v. Head Criminal Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). The Court gave Versatile ample time and opportunity to present his record, including allowing some witnesses to be identified late, but pre-hearing. After such a pre-hearing process, the Court could not allow the disruption of the orderly administration of justice to commence via this unannounced witness whose testimony had not been mentioned to opposing counsel or the Court until the morning of the hearing.

Because Kundalini did not testify at the evidentiary hearing as to the contents of the affidavit, which was offered to prove the truth of the statements therein, Kundalini's Affidavit constitutes hearsay. Kundalini's Affidavit also contains statements made by third parties, constituting hearsay within hearsay, and often fails to lay the proper foundation as to Kundalini's personal knowledge. Thus, Kundalini's Affidavit is not admissible unless an exception to the hearsay rule applies. *See* Fed. R. Evid. 802.

The Federal Rules of Evidence provide a number of enumerated exceptions to the hearsay rule, none of which apply here. *See* Fed. R. Evid. 803-04. The rules also provide a residual exception for statements with "circumstantial guarantees of trustworthiness" equivalent to a recognized hearsay exception. Fed. R. Evid. 807. To invoke this exception, the Court must determine that "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." *Id.* The Court finds that Kundalini's Affidavit is less probative than Kundalini's live testimony subject to cross-examination would have been, and that Versatile could have procured Kundalini's testimony through reasonable efforts. Moreover, statements admitted pursuant to Rule 807 must be disclosed to the opposing party in advance of trial:

> [A] statement may not be admitted under this exception unless the proponent of it makes known to the adverse party *sufficiently in advance of the trial or hearing* to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807 (emphasis added). Versatile concedes that his April 18, 2010 Declaration "did not mention the name or [identify] God Kundalini Isa Allah, as a desired witness." (Pl.'s Mot. to Ct. ¶ 4.) Indeed, the April 18, 2010 Declaration not only fails to express a definite intent to call

9

*any* additional witnesses, it indicates an intent to comply with the Court's deadline that all witnesses must be identified twenty days before the evidentiary hearing. Versatile has thus failed to demonstrate that any of the hearsay exceptions apply to Kundalini's Affidavit.[4]

Accordingly, the Court will GRANT Defendants' Motion to Strike and DENY Versatile's Motion to Court.

### III. Conclusion

For the reasons stated above, the Court will GRANT IN PART and DENY IN PART Defendants' Motion in Limine (Docket No. 74), GRANT Defendants' Motion to Strike Affidavit (Docket No. 83), and DENY Versatile's Motion to Court (Docket No. 84).

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: March 28, 2011

---

[4] The Court also notes that Kundalini's Affidavit consists largely of cumulative evidence. At the evidentiary hearing, Versatile successively presented evidence, through various exhibits and live testimony, on the same topics Kundalini speaks to in his affidavit. (*See, e.g.*, Pl.'s Ex. 1, Versatile Decl. ¶¶ 2, 4, 10, 17, 22; Pl.'s Ex. 6, Encl. A; Pl.'s Ex. 27, Dumar Wa'de Allah, We Are Not a Gang (1998); May 27, 2010 Evidentiary Hr'g Tr. 74:23-76:6, 91:16-23, 92:20-22, 93:2-16, 95:12-17, 111:22-112:9, 124:13-24, 128:9-10, 129:19-24, 133:24-135:2.) Versatile's presentation of similar evidence through proper means counterweighs any prejudicial effect from excluding Kundalini's Affidavit, whose inclusion would violate procedural and evidentiary principles.